IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDRICK CAMPFIELD, :
    Petitioner :
 : CIVIL NO. 1:13-CV-1849
    v. :
 : (Judge Caldwell)
GERALD ROZUM, et al. :
    Respondents :
 :

*M E M O R A N D U M*

Fredrick Campfield, an inmate at the State Correctional Institution in Somerset, Pennsylvania, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1997 conviction for first-degree murder after he shot the victim, who was a rear-seat passenger in a car being driven away from a bar. Petitioner is serving a sentence of life imprisonment on that offense. In a memorandum dated August 25, 2014, we denied the motion. *Campfield v. Rozum*, 2014 WL 4215506 (M.D. Pa.). We are considering Petitioner's timely filed motion to alter or amend under Fed. R. Civ. P. 59(e).

A motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)(quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to

prevent manifest injustice." *Id.* It cannot be used simply to reargue issues that the court has already considered and disposed of. *Blanchard v. Gallick*, No. 09-1875, 2011 WL 1878226, at *1 (M.D. Pa. May 17, 2011)(Caldwell, J.)(citing *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

We will deny the reconsideration motion because there were no errors of law or manifest injustice in our ruling denying habeas relief.

Petitioner contends we erred in disposing of his second claim for relief. In that claim, Petitioner argued trial counsel was ineffective in not having Petitioner and a defense expert on ballistics provide testimony relating to his gun's recoil. Greater detail on the claim can be found at 2014 WL 4215506, at *7, but the defense hinged on the evidence showing that the series of shots Petitioner fired started at ground level and then moved successively higher. The defense would have been that the shot that hit the victim in the back of the head was only the result of the recoil effect and not proof of any intent to kill the victim.

We decided that counsel had not been ineffective because, faced with evidence at trial that the shots had not moved in an orderly fashion, counsel had adopted the reasonable trial strategy of conceding that no one knew the order of the shots and arguing instead that intent had been negated by how quickly the shots had been fired. *Id.* at *9. We also agreed with the Pennsylvania Superior Court that not having the expert testify avoided the expert's giving testimony on cross-examination that might have

been damaging to the defense if he had ben questioned about holding the gun in a horizontal position.  *Id.*

In moving for reconsideration, Petitioner essentially reargues his second claim of ineffectiveness.  This argument does not defeat our analysis rejecting the second claim.  We will therefore deny Petitioner's motion to alter or amend.

>       /s/ William W. Caldwell
>       William W. Caldwell
>       United States District Judge

Date: October 28, 2014